UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GARFIELD WHITE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:06CV0003 DJS(LMB) |
| | ) |
| DAVE DORMIRE, | ) |
| | ) |
| Respondent. | ) |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the court on the petition of Garfield White for a writ of habeas corpus under 28 U.S.C. § 2254. This cause was referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 (b).

Respondent has filed a Response to Order to Show Cause Why a Writ of Habeas Corpus Should Not be Granted (Doc. No. 7), along with a Supplemental Response (Doc. No. 12). Petitioner has filed a Traverse (Doc. No. 8), and a Reply (Doc. No. 14).

**Procedural History**

Petitioner is presently incarcerated at Jefferson City Correctional Center ("JCCC") in Jefferson City, Missouri, pursuant to the judgment and sentence of the Circuit Court of St. Louis City, Missouri. See Resp't Ex. B at 15-54. On November 16, 2001, petitioner was found guilty after a jury trial of forcible rape, three counts of forcible sodomy, kidnapping, and second-degree robbery. See id. He was sentenced to a life sentence for the forcible rape count, three

1

consecutive fifteen-year sentences for the forcible sodomy counts, a concurrent ten-year sentence for the kidnapping count, and a concurrent five-year sentence for the second-degree robbery count. See id.

Petitioner raised two points on direct appeal of his convictions. See Resp't Ex. C. In his first point, petitioner argued that the trial court abused its discretion in permitting the State to adduce evidence of the psychological impact of the crime on the complaining witness. See id. In his second point, petitioner claimed that the trial court erred in permitting the prosecutor to argue that the DNA evidence amounted to proof beyond a reasonable doubt. See id. On November 12, 2002, the Missouri Court of Appeals for the Eastern District affirmed petitioner's convictions. See Resp't Ex. E.

On March 17, 2003, petitioner filed a pro se motion to vacate, set aside, or correct the judgment of the Circuit Court of St. Louis City, Missouri, pursuant to Missouri Supreme Court Rule 29.15. See Resp't Ex. F. In this motion, petitioner argued that he was denied his right to a fair trial when the trial judge refused to recuse himself. Petitioner next argued that he was denied effective assistance of counsel when trial counsel failed to effectively cross-examine the victim. Petitioner finally argued that he was denied effective assistance of counsel when trial counsel failed to call petitioner's sons as witnesses. See id. After appointment of counsel, petitioner filed an Amended Motion to Vacate, Set Aside, or Correct Judgment and Sentence and Request for Evidentiary Hearing. See id. In his amended motion, petitioner argued that he was denied effective assistance of counsel because appellate counsel failed to assert as error the trial court's denial of petitioner's motion to disqualify a juror. See id. On October 21, 2003, the motion court

2

denied petitioner's motion for post-conviction relief.  See id.

On appeal from the denial of post-conviction relief, petitioner argued that the motion court clearly erred in denying his motion because he was denied effective assistance of counsel in that appellate counsel failed to brief as error the trial court's refusal to grant petitioner's motion to disqualify a juror.  See Resp't Ex. G.  On November 30, 2004, the Missouri Court of Appeals for the Eastern District affirmed the decision of the motion court.  See Resp't Ex. I.

On December 29, 2005, petitioner, pro se, filed a petition for a writ of habeas corpus, raising the following grounds for relief: (1) he was denied the right to a fair trial when the trial judge failed to recuse himself; (2) he was denied effective assistance of counsel when trial counsel failed to effectively cross-examine the victim; (3) he was denied effective assistance of counsel when trial counsel failed to call petitioner's eleven-year-old sons; (4) he was denied effective assistance of counsel when trial counsel failed to brief as error in his motion for new trial the issue of insufficient DNA evidence to establish petitioner's guilt; and (5) he was denied effective assistance of counsel when trial counsel withdrew petitioner's motion to compel production of discovery or impose sanctions.  (Doc. No. 1).

On February 27, 2006, respondent filed a Response to Order to Show Cause, in which he argues that petitioner's grounds for relief are procedurally barred by the one-year statute of limitations.  (Doc. No. 7).  On March 10, 2006, petitioner filed a Traverse, in which he argues that the doctrine of equitable tolling should apply due to the misconduct of JCCC officials which made it impossible to file his petition on time.  (Doc. No. 8).  On February 7, 2008, the court denied petitioner's motion to appoint counsel and request for an evidentiary hearing, directed

respondent to address the merits of the petition, and directed respondent to address the merits of petitioner's equitable tolling argument. (Doc. No. 11). On March 12, 2008, respondent filed a Supplemental Response, in which he argues that the petition is untimely, petitioner's grounds for relief are procedurally barred, and petitioner's claims fail on their merits. (Doc. No. 12).

**I.  Standard of Review**

A federal court's power to grant a writ of habeas corpus is governed by 28 U.S.C. § 2254(d), which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court construed § 2254(d) in Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000). With respect to the "contrary to" language, a majority of the Court held that a state court decision is contrary to clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or if "the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413, 120 S.Ct. 1523. Under the "unreasonable application" prong of § 2254(d)(1), a writ may issue if "the state court identifies the correct governing legal rule from [the

Supreme Court's] cases but unreasonably applies [the principle] to the facts of the particular state prisoner's case." Id. Thus, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 409, 120 S.Ct. 1521. Although the Court failed to specifically define "objectively unreasonable," it observed that "an unreasonable application of federal law is different from an incorrect application of federal law." Id. at 410, 120 S.Ct. 522.

## II. Petitioner's Claims

Petitioner raises five grounds for relief. The undersigned will address each ground for relief in turn, after discussing the issues of the statute of limitations and procedural default.

### A. Statute of Limitations

The Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposed a one-year period of limitation on federal petitions for habeas corpus. The governing provision provides: "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). For purposes of the AEDPA, a judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). See Smith v. Bowersox, 159 F.3d 345, 347-48 (8th Cir. 1998). Additionally, §2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Further, "for purposes of § 2244(d)(2), 'an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and

5

rules governing filings.'" Marx v. Gammon, 234 F.3d 356, 357 (8th Cir. 2000)(quoting Artuz v. Bennett, 531 U.S. 4, 8, 121 S.Ct. 361, 364 (2000)).

The Missouri Court of Appeals issued its decision affirming petitioner's convictions on November 12, 2002. Resp't Ex. E. Petitioner did not file a motion for rehearing in the Missouri Court of Appeals or a motion to transfer in the Missouri Supreme Court. As such, after adding the fifteen days that petitioner had to seek rehearing and transfer, petitioner's conviction became final on November 27, 2002. Without considering tolling, the petition was due no later than November 27, 2003.

Petitioner did file a timely motion for post-conviction relief on March 17, 2003. Resp't Exs. F, I. The time petitioner spent litigating his post-conviction relief motion is not included in the one-year limitations period. As such, the 639 days from March 17, 2003, when petitioner filed his post-conviction relief motion, until December 15, 2004, the expiration of petitioner's time for filing a motion for rehearing and transfer, are excluded.

Thus, the statute of limitations ran from November 27, 2002, when direct review ended, until March 17, 2003, when petitioner filed his post-conviction relief motion, a period of 110 days. Tolling stopped on December 15, 2004, when petitioner's post-conviction relief litigation ended. At this point, petitioner had 255 days remaining in the one-year period. The statute of limitations, therefore, expired on August 27, 2005, and the petition filed on December 29, 2005, was untimely.

Petitioner argues that the doctrine of equitable tolling should apply. "Equitable tolling is proper when there exist extraordinary circumstances beyond a prisoner's control that made filing

a timely petition impossible or when the respondent's conduct has lulled the petitioner into inaction." Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000). However, "[a]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Flanders v. Graves, 299 F.3d 974, 976 (8th Cir. 2002). Generally, such circumstances must be external to the petitioner, and even a claim of actual innocence is not sufficient to toll the statute of limitations. Id. at 976-77.

In this case, petitioner argues that equitable tolling should apply because he was told by Associate Superintendent of JCCC Arthur Wood that he had until January 2006 to file his petition for writ of habeas corpus. Petitioner has attached a letter from Mr. Wood in which Mr. Wood states that petitioner's "court mandate has been verified as January 2006." Pet's Ex. A. Petitioner also argues that officials at JCCC have prevented inmates from receiving legal assistance from other inmates. Petitioner contends that the doctrine of equitable tolling should apply due to the misconduct of JCCC officials which made it impossible to file his petition on time.

Respondent argues that although he disputes petitioner's interpretation of Mr. Woods' letter, the resolution of the statute of limitations issue involves factual disputes that would require a hearing. Respondent contends that all of petitioner's claims are procedurally defaulted and meritless. As such, respondent requests that the court address petitioner's claims as defaulted or on the merits rather than on the statute of limitations issue.

In light of the factual disputes regarding the statute of limitations issue acknowledged by

respondent, the undersigned declines to recommend dismissal of the petition on the basis of untimeliness. Rather, the undersigned will proceed to discuss the procedural default issue and the merits of petitioner's claims. Because the undersigned finds that petitioner's claims are procedurally defaulted and fail on their merits, as will be discussed below, an evidentiary hearing on the statute of limitations issue is unnecessary.

**B.     Procedural Default**

The procedural default rule requires that a habeas petitioner pursue all available avenues for relief in the state courts before the federal courts can consider a claim. See 28 U.S.C. § 2254(d); Duvall v. Purkett, 15 F.3d 745, 746 (8th Cir. 1994). Failure to preserve a claim on the appeal of a state court ruling raises a procedural bar to pursuing that claim in federal court. See Boyd v. Groose, 4 F.3d 669, 671 (8th Cir. 1993). In deciding if there has been procedural default, a federal court must give deference to the state courts and should place great importance on state procedural rules. See Buckley v. Lockhart, 892 F.2d 715, 718 (8th Cir. 1989). To avoid procedural default, "Missouri procedure requires that a claim be presented 'at each step of the judicial process.'" Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir. 1994) (quoting Benson v. State, 611 S.W.2d 538, 541 (Mo. Ct. App. 1980).

In the instant case, petitioner failed to raise the argument contained in ground one on direct appeal. In addition, although petitioner raised this claim in his post-conviction relief motion, he failed to raise the claim on appeal from the denial of post-conviction relief. Petitioner also failed to raise the claims contained in his second and third grounds for relief in his appeal from the denial of post-conviction relief. Petitioner did not raise the claims contained in his fourth or fifth grounds for relief at any point during the post-conviction relief litigation. As such,

petitioner's claims are procedurally defaulted.

Further, petitioner fails to allege sufficient "cause" for his procedural default. As cause for his procedural default, petitioner contends that the state court process is somehow inadequate. Petitioner's argument lacks merit. As such, this court need not address the "actual prejudice" prong of the inquiry. See Leggins, 822 F.2d at 768. A federal habeas court may also reach the merits of procedurally defaulted claims where the petitioner can demonstrate that a "miscarriage of justice" exception applies. This narrow exception is limited to extraordinary circumstances where actual innocence can be demonstrated. See Murray v. Carrier, 477 U.S. 478, 496, 106 S. Ct. 2639, 2649, 91 L.Ed.2d 397 (1986). The petitioner must show that a constitutional violation "probably resulted" in the conviction of an innocent person. See Schlup v. Delo, 513 U.S. 298, 326-29, 115 S. Ct. 851, 867-68, 130 L.Ed.2d 808 (1995). In this case, the evidence does not show that petitioner could demonstrate actual innocence. Thus, petitioner has procedurally defaulted his claims.

### C. Substantive Claims

Petitioner has raised five grounds for relief. The undersigned has already found that petitioner has procedurally defaulted his claims. Petitioner's grounds for relief fail on their merits as well.

#### 1. Ground One

In his first ground for relief, petitioner claims that he was deprived of his right to a fair trial when the trial judge failed to recuse himself. Petitioner contends that the trial judge should have recused himself because he knew the parents of one of the State's witnesses and had discussed the case with the parents.

The record indicates that the trial judge knew the parents of State witness Elise Schweitzer. The trial judge described his relationship with Ms. Schweitzer's parents as professional, as Ms. Schweitzer's mother is an attorney. See Resp't Ex. A at 2. The trial judge stated that the Schweitzers were not close friends but were merely acquaintances and lived in the same neighborhood as the trial judge. See id. He stated that he had never been to their home and they had never been to his home. See id. The trial judge indicated that his meetings with Mr. Schweitzer were "chance meetings" in the park while walking his dog or jogging. Id. at 3. He stated that he had last had such a chance meeting with Mr. Schweitzer a few weeks before the trial, at which time he mentioned that the case was coming up on the docket but did not discuss "any aspects or testimony or allege anything about the details of the case." Id. at 5. The trial judge stated that he did not believe that his relationship resulted in any impartiality, prejudice or bias on his part, and that he did not believe it would interfere with his "ability to be a fair and impartial Judge to both the State and the defendant." Id. at 3.

On federal habeas review, a petitioner must show that "the judge was actually biased or prejudiced against" him. Dyas v. Lockhart, 705 F.2d 993, 996 (8th Cir. 1983). The test is whether, "considering psychological tendencies and human weaknesses, the judge would be unable to hold the proper balance between the state and the accused." Id. at 996-97. In applying the test, a habeas court must "presume the honesty and integrity of those serving as judges." Id. at 997.

In the present case, petitioner has failed to demonstrate that the trial judge was actually biased or prejudiced against him. The trial judge's statements on the record reveal that the Schweitzers were merely professional acquaintances. The trial judge did not discuss the facts of

the case with the Schweitzers. Further, Elise Schweitzer was not a victim but, rather, was a friend of the victim. These facts do not demonstrate actual bias.

Accordingly, the undersigned recommends that petitioner's first ground for relief be denied.

**Ineffective Assistance of Counsel Claims**

In his second, third, fourth, and fifth grounds for relief, petitioner alleges ineffective assistance of counsel claims.

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that his attorney failed to exercise the degree of skill and diligence a reasonably competent attorney would exercise under similar circumstances, and additionally, the petitioner must show that he was prejudiced by his attorney's action or inaction. See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A petitioner must show that "counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment." Id. "Prejudice" is shown by a petitioner when it is demonstrated that there is a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. Id. at 694, 104 S. Ct. 2068. A "reasonable probability" is defined as a probability sufficient to undermine confidence in the outcome. Id. The petitioner must not only assert prejudice, but must affirmatively prove that prejudice was present. See id. at 693, 104 S. Ct. 2067.

2.  **Ground Two**

In his second ground for relief, petitioner argues that he received ineffective assistance of counsel because trial counsel failed to effectively cross-examine the victim. Specifically,

petitioner contends that trial counsel failed to question the victim about a scar on petitioner's face that runs from his right ear to his chin.

The record reveals that defense counsel questioned the victim as follows regarding the physical description of petitioner that she gave to police:

> [DEFENSE COUNSEL]: You give [police] a description of the person who did all of this to you?
> [VICTIM]: Yes.
> [DEFENSE COUNSEL]: It's a black man?
> [VICTIM]: Yes.
> [DEFENSE COUNSEL]: Around 200 pounds?
> [VICTIM]: Yes.
> [DEFENSE COUNSEL]: Little hair on his head?
> [VICTIM]: Yes.
> [DEFENSE COUNSEL]: You don't mention anything to the police about any scars on his face or neck?
> [VICTIM]: I could see in my mind what he looked like, but at that point I couldn't get it out into words. I didn't want to be talking to men and it was men that were talking to me.
> [DEFENSE COUNSEL]: So when the police arrive, some of them are men?
> [VICTIM]: Yes.
> [DEFENSE COUNSEL]: You didn't feel like talking to men?
> [VICTIM]: No.
> [DEFENSE COUNSEL]: And you didn't tell the police anything about scarring on this person's face or neck?
> [VICTIM]: No.

Resp't Ex. A at 368-69.

The record reveals that defense counsel did question the victim regarding the scarring on petitioner's face. The victim testified that she was "100 percent" certain that petitioner was the man who raped her. Id. at 303, 304-05. The victim identified petitioner in a lineup and in court. See id. at 300, 301-03. In light of the overwhelming evidence presented by the State regarding petitioner's guilt, further questioning of the rape victim would not have been helpful to petitioner and may have actually been harmful to petitioner.

Petitioner cannot demonstrate that his counsel's actions were anything other than sound

12

trial strategy. Petitioner certainly cannot show that "counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment." Strickland, 466 U.S. at 687, 104 S. Ct. 2064. Nor can petitioner show prejudice, due to the strong evidence of petitioner's guilt.

Accordingly, the undersigned recommends that petitioner's second ground for relief be denied.

### 3. Ground Three

In his third ground for relief, petitioner argues that he received ineffective assistance of counsel because trial counsel failed to call his twin eleven-year-old sons. Petitioner contends that his sons would have testified that the police searched petitioner's house without a warrant.

The record reveals that petitioner's wife, Chiquita Smith, signed a consent form for the police to search petitioner's apartment and his car. See Resp't Ex. A at 457-58. As such, petitioner's claim lacks merit.

Accordingly, the undersigned recommends that petitioner's third ground for relief be denied.

### 4. Ground Four

In his fourth ground for relief, petitioner argues that he received ineffective assistance of counsel because trial counsel failed to brief as error in his motion for new trial that there was insufficient DNA to establish a positive match.

At trial, the State's expert testified that there was sufficient DNA to make a positive match. See Resp't Ex. A at 603-13. Petitioner has not offered any expert testimony to contradict this testimony. Thus, trial counsel did not err in failing to raise a meritless claim in his motion for

new trial.

Accordingly, the undersigned recommends that petitioner's fourth ground for relief be denied.

**5.  Ground Five**

In his fifth ground for relief, petitioner argues that he received ineffective assistance of counsel because trial counsel withdrew his motion to compel discovery and for sanctions against the prosecutors.

Petitioner fails to indicate what documents the prosecution would have produced and how they would have affected the trial. As such, petitioner is unable to demonstrate prejudice.

Accordingly, the undersigned recommends that petitioner's fifth ground for relief be denied.

**III.  Certificate of Appealability**

To grant a certificate of appealability, a federal habeas court must find a substantial showing of the denial of a federal constitutional right. See 28 U.S.C. § 2253(c)(2); Hunter v. Bowersox, 172 F.3d 1016, 1020 (8th Cir. 1999). A substantial showing is established if the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994)). In this case, petitioner has failed to make a substantial showing of the denial of a constitutional right. The undersigned is not persuaded that the issues raised in his petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.

Accordingly, the undersigned recommends that no certificate of appealability be issued.

**RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that the petition of Garfield White for a writ of habeas corpus under 28 U.S.C. § 2254 be **denied**.

**IT IS FURTHER RECOMMENDED** that no certificate of appealability be issued.

The parties are advised they have eleven (11) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 (b) (1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

Dated this  30th  day of January, 2009.

*Lewis M. Blanton*

LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE