## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

GARFIELD WHITE,              )
                                 )
                Petitioner,    )
                                 )
        vs.               )    No.  4:06CV3-DJS
                                 )
DAVE DORMIRE,             )
                                 )
                Respondent.    )

## ORDER

Missouri inmate Garfield White seeks habeas corpus relief on a petition filed pursuant to 28 U.S.C. §2254. Now before the Court is the report and recommendation of the United States Magistrate Judge recommending denial of the petition, and petitioner's objections thereto. Pursuant to 28 U.S.C. §636(b), this Court gives *de novo* consideration to those issues to which objection has been made.

The magistrate judge determined that all five of petitioner's grounds for relief were both procedurally defaulted and without merit. Petitioner's objections challenge both conclusions as to Grounds One, Two and Three. With respect to procedural default, petitioner makes an argument, unintelligible to the Court, that Missouri's procedures are not entitled to the "deference" required for a federal court to enforce a procedural bar. The unpersuasive argument is rejected.

In any event, each of Grounds One, Two and Three fails on its merits. Ground One is that petitioner was denied a fair trial

when Judge David Dowd failed to recuse himself because he knew the parents of a prosecution witness. Petitioner objects that the record clearly shows the judge's "pecuniary interest" in the outcome of the trial. Objections [Doc. #19], p.6. As "pecuniary" means "monetary," the judge's acquaintance with the witness's parents as neighbors is not shown to constitute a pecuniary interest requiring recusal. Furthermore, upon *de novo* review of the matter, the Court finds that neither the facts of record concerning the acquaintance, nor the evidentiary ruling petitioner cites in support of his objections, demonstrate actual bias or prejudice against petitioner. Petitioner's objections concerning Ground One will be overruled.

Ground Two presents an ineffective assistance of counsel claim based upon trial counsel's cross-examination of the victim on the subject of her failure to identify the significant scar on petitioner's face. The transcript plainly reveals that trial counsel did elicit from the victim that she had failed to note any scar when describing her assailant to police. The ground for relief as stated in the instant petition [Doc. #1, p.12] is clearly without merit. In his objections, petitioner shifts his discussion of Ground Two to a broader claim concerning the adequacy of counsel's challenge to the victim's pretrial identification of petitioner. To that extent, the objection will be overruled as it pertains to a claim for relief not pled in his petition.

Ground Three alleges that trial counsel was ineffective for failure to call petitioner's twin sons to testify that after petitioner's arrest, police searched the house without permission and without a warrant. In the Court's view, the determination not to call these witnesses is not shown to be deficient performance nor to be prejudicial, because the search was pursuant to a consent executed by petitioner's wife. Resp. Exh. A, pp.457-58. In his objection, petitioner now claims that the attorney failed to call the boys to testify "as to what the police officers stated or did to have the consent form signed." Objections [Doc. #19], p.10.

Such testimony is not alluded to in petitioner's original statement of Ground Two in his petition, and the objection does not make an affirmative representation of what the sons' testimony on the subject would have been. This lack of specificity and evidentiary support defeats this contention, even if the claim is considered in its belatedly altered form. Saunders v. United States, 236 F.3d 950, 952-53 (8th Cir. 2001). Because petitioner fails to establish that counsel's failure to call the witnesses was substandard performance or that it prejudiced the defense, the objection is overruled.

Ground Four asserts that counsel was ineffective for failure to present in the motion for new trial the issue of insufficiency of the DNA evidence to establish a match with petitioner's DNA. As to Ground Four, petitioner's objections fail to dispute the magistrate judge's procedural bar conclusion, which

alone is sufficient to defeat the claim for relief. Instead, petitioner's objections again attempt to alter the substance of the ground for relief, arguing not about the adequacy of the motion for new trial, but counsel's alleged failure to seek defendant's own expert DNA testing. Because this conceptually distinct argument is not the basis for Ground Four as pled in the petition, see Petition [Doc. #1] at p.12, the objection is unavailing.

Petitioner expressly states that he does not object to the magistrate judge's conclusions with respect to Ground Five. For all the foregoing reasons, the Court will overrule petitioner's objections to the magistrate judge's report and recommendation, and deny the habeas corpus petition, finding that its five grounds for relief are both procedurally barred and fail on their merits to show an entitlement to relief.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's objections [Doc. #19] are overruled, and the United States magistrate judge's report and recommendation [Doc. #16] is accepted and adopted.


Dated this ___5th___ day of March, 2009.


/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE